ORIGINAL

12

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 0 2001

Michael N. Milby
Clerk of Court

---

**TOP RANK, INC., A FOREIGN
CORPORATION** as Broadcast
Licensee of the **SEPTEMBER 18, 1998
De La HOYA / CHAVEZ** Program,

      Plaintiff,

v.

GABRIEL MARTINEZ, *et al*

      Defendants.

Civil Action No. B-01-088
Honorable Hilda G. Tagle

---

## DISCOVERY/CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

   | | |
   |---|---|
   | Julie Cohen Lonstein, Esq. | Attorney for Plaintiff |
   | Geogianna Marie Fricke | Pro Se Defendant Geogianna Marie Fricke, Individually and d/b/a Los Tres Amigos Bar |

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   None

3. <u>**Briefly**</u> **describe what this case is about.**

   Plaintiff, **TOP RANK, INC.**, was granted the right to distribute the De La Hoya/Chavez program and its undercard bouts on September 18, 1998, via closed circuit television and via encrypted satellite signal. Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons. Plaintiff alleges that Defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used an illegal cable converter box or device to intercept Plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

4.  **Specify the allegation of federal jurisdiction.**

    Jurisdiction is based on diversity of citizenship and amount in controversy (28 U.S.C. § 1332(a)(1). The matter in controversy is between citizens of different states and it exceeds the sum value of $75,000.00 exclusive of interest and costs.

5.  **Name the parties who disagree and the reasons.**

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None

7.  **List anticipated interventions.**

    None

8.  **Describe class-action issues.**

    None

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Plaintiff will serve Initial disclosures by **October 22, 2001**, defendants will serve same on or before **November 19, 2001**.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        Discovery will be completed by **January 18, 2002.**

    B.  **When and to whom the plaintiff anticipates it may sent interrogatories.**

        Plaintiff anticipates sending interrogatories to Defendant Georgianna Marie Fricke, Individually and d/b/a Los Tres Amigos Bar, on or before **October 22, 2001**.

    C.  **When and to whom the defendant anticipates it may sent interrogatories.**

        Defendant Georgianna Marie Fricke, Individually and d/b/a Los Tres Amigos Bar

-2-

will send interrogatories on or before **November 23, 2001.**

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

    Plaintiff anticipates taking oral depositions of Defendants Georgianna Marie Fricke, and other witnesses to the event as revealed by discovery by **December 17, 2001.**

E. **Of whom and by when the defendant anticipates taking oral depositions.**

    Defendant Georgianna Marie Fricke, Individually and d/b/a Los Tres Amigos Bar will be taking oral depositions on or before **December 31, 2001.**

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    Expert reports do not apply to Plaintiff; Defendants will serve expert reports on or before **January 4, 2002.**

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff will depose Defendants' experts on or before **January 4, 2002.**

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None

13. **State the date the planned discovery can reasonable be completed.**

    The parties herein state that discovery can reasonably be completed by **January 18, 2002.**

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    A demand was made by Plaintiff upon each Defendant; no offer has yet been made in return Defendant.

16. **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Plaintiff will leave the designation of the alternative dispute resolution technique to the Court's discretion.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff agrees to a trial before a magistrate judge, however, Plaintiff cannot make a representation of Defendant's position, as Defendant has not contacted Plaintiff regarding any issues contained herein.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Sixteen hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff's Motion for Summary Judgment is pending currently.

21. **List other pending motions.**

    No other motions are pending currently.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

    None

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conferences and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff's Disclosure of Interested Parties was filed with the Clerk of the Court on or about May 29, 2001.

24.  **List the names, bar numbers, addresses, and telephone numbers of all counsel**.

_____  
Julie Cohen Lonstein  
Attorney for Plaintiff  
Attorney in Charge  
NYS Bar Roll No. 2393759  
S.D. TX Admission No. 21857  
1 Terrace Hill, P.O. Box 351  
Ellenville, New York 12428  
Tel: (845) 647-8500  
Fax: (845) 647-6277  
*Our file no. C98-2TX-S07*

October 9, 2001  
Date

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Discovery/case Management Plan was served upon the following by Express mail on October 9, 2001:

Geogianna Marie Fricke  
PO Box 987  
La Feria, TX 78559-0787

_____  
Julie Cohen Lonstein