United States District Court
Southern District of Texas
FILED
OCT 15 2001
Michael N. Milby, Clerk of Court

# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts   ■ Lehrman |
| DATE | 10 / 15 / 2001 |
| TIME | 1:51 p.m. — 2:16 P.m. |
| | 2:42 p.m. — 2:47 p.m. |
| CIVIL ACTION | B - 01 - 88 |
| STYLE | Top Rank Inc., et al. *versus* Martinez et al. |

DOCKET ENTRY

HGT-- Initial Pre-Trial Hearing;        (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):   Jason Mann

Attorney(s) for Defendant(s):   Lionel Robles- pro se

　　　　　　　　　　　　　　　　Rudy Fonseca- pro se

　　　　　　　　　　　　　　　　Georgianna Marie Fricke (not present).

☐   Rulings orally rendered on:

　　The Court asked the pro se Defendants if they knew that an attorney will not be appointed for them. Both said yes.

The Court asked Mr. Mann to recite dismissed Ds:

1. Gabriel Martinez, Individually, d/b/a 4-Acres Café a/k/a 4 Aces Café and 4-Acres Cafe a/k/a 4 Aces Café

2. Ines Mijangos Rodriguez and Salvador Villegas and Carlos Mondragon and Irma Mondragon, Individually, and as officers, directors, shareholders, and/ or principals of Mondragon-Villegas, Inc. d/b/a Joe's BBQ and Mondragon-Villegas, Inc. d/b/a Joe's BBQ

3. Rudolph Martinez, Individually, d/b/a RRDS a/k/a RRD Entertainment and RRD a/k/a RRD Entertainment

4.  Thomas R. Brons and Marianne Matz Brons, Individually, and as officers, directors, shareholders and/or principals of Richard's Sun Valley Restaurant Inc. d/b/a Richard's Restaurant a/k/a Richards Lounge and Richard's Sun Valley Restaurant Inc. d/b/a Richard's Restaurant a/k/a Richards Lounge

5.  Thomas R. Brons and Marianne Matz Brons and Marianne Matz Brons, Individually, and as officers, directors, shareholders and/or principals or Richard's Sun Valley Restaurant-Tropicasa, Inc. d/b/a Tropicasa and Richard's Sun Valley Restaurant-Tropicasa, Inc. d/b/a Tropicasa.

Remaining Defendants:
Georgianna Marie Fricke, individually, d/b/a Los Tres Amigos Bar and Los Tres Amigos Bar; Rodolfo Fonseca and Lionel Domingues Robles; Indivudally, d/b/a VFW Post 6719 Pat Tumlinson a/k/a (VFW) Veterans of Foreign War Post 6719 and VFW Post 6719 Pat Tumlinson a/k/a (VFW) Veterans of Foreign War Post 6719.

The court asked if Pat Tumlinson is the name of the post? Mr. Mann replied yes.

The Court had struck the JD/CMP because only one Defendant was incorporated in the Rule 26 meeting. Mr. Mann's understanding from Ms. Lonstein was that there was an attempt to contact the Defendants who are here also but that the attempt was unsuccessful. The Court asked why the diligence statement did not document such efforts. Mr. Mann said he does not know. Paragraph #8 of the diligence statement says that she asked for more time to contact these Defendants. Mr. Mann is willing to conduct the Rule 26 conference. The Court asked why Ms. Lonstien did not respond to the order to submit a JD/CMP in compliance with chamber rules..

The Court reminded the defendants that if sent paperwork by an attorney, they have to go pick it up, and cannot ignore information about the lawsuit. The court told the defendants that she can't make special rules for them because they have no attorney. Defendant Robles wrote directly to Lonstien. He produced the letters for the Court, but the letters are not in the Court's record. The Court told Mr. Robles that the Court cannot tell him how to observe the procedure of the Court. The Court told the Defendants that if someone is advising them who is not an attorney that that person should not be advising them. The Court told the defendants to be aware that if they don't hire an attorney the case will proceed without them participating as if they knew the rules. Mr. Robles explained that the reason they had not hired an attorney is that a Mr. Chapman (an officer of the VFW) said VFW would get the Defendants an attorney who would take care of everything, and then Mr. Robles didn't hear anything else.

The Court states that she is trying to find out what effort was made to contact the Defendants

for the Rule 26 meeting. The Court advised the two defendants to figure out if they are going to be represented by an attorney, and if not that they have to proceed on their own. The defendants are sued individually as well.

There is a ripe motion for summary judgment against Defendant Fricke that has not been responded to. Ms. Fricke is not here today. The Court asked if the parties consent to proceed before a magistrate judge. [RECESS]

Reconvened 2:42. Because the certificate of service on the motion for Summary Judgment was only sent by regular mail, the court is not satisfied that service was completed on this defendant (Fricke). Must be by certified mail.

The parties consent to proceed before magistrate: the case is referred to the magistrate, including Ms. Fricke. Both these defendants and Plaintiff agree to proceed before a magistrate judge. The Plaintiff asked if there is still a need for a Rule 26 meeting. Plaintiff had planned to do it a week from this Wednesday. The Court said to go ahead with the meeting, and told the defendants to get their attorney's name ASAP, if there is to be an attorney representing them, to the court so they can make an appearance at the Rule 26 conference.

Case referred to the magistrate judge.