UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED Entered

APR 30 2002

Michael N. Milby, Clerk of Court
By: [signature]

| | |
|---|---|
| TOP RANK, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-01-088 |
| § | |
| GEORGIANNA MARIE FRICKE, § | |
| Individually, d/b/a/ LOS TRES AMIGOS § | |
| BAR and LOS TRES AMIGOS BAR, § | |
| Defendant § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Top Rank, Inc., a foreign corporation that was a broadcast licensee of the September 18, 1998, De La Hoya/Chavez boxing match has filed a Motion for Summary Judgment against Georgianna Marie Fricke individually, and Los Tres Amigos Bar. For the following reasons, the Plaintiff's Motion for Summary Judgment should be GRANTED.

### BACKGROUND

Plaintiff, Top Rank, Inc. owned the exclusive authority to exhibit the De La Hoya/Chavez event on September 18, 1998, in Defendant's geographical area. Plaintiff filed a summons and complaint commencing this action against the Defendant on or about May 29, 2001. Plaintiff's complaint alleges that Defendant violated 47 U.S.C. §§ 553 and 605 (the "Piracy statutes") when she and/or her agents, servants, workmen, or employees unlawfully intercepted, received, and/or descrambled the encrypted satellite signal transmitting the De La Hoya/Chavez event on September 18, 1998, and exhibited the event for purposes of direct or indirect commercial advantage or private financial gain in violation of the above statutes and Plaintiff's rights to

1

distribute the event.

On or about August 20, 2001, Defendant served an answer upon Plaintiff, which contained a general denial. With consent from Defendant's husband, the named holder of the Dish Network account, Plaintiff obtained the account history of the account for Los Tres Amigos Bar. While the account provides service to Defendant's commercial establishment, the account is a residential account. Additionally, the account history indicates that the De La Hoya/Chavez fight was exhibited in Defendant's commercial establishment on September 18, 1998, at the residential rate of $44.95. In addition to the account history, the Plaintiff has submitted the sworn affidavit of an investigator who witnessed the exhibition of the event in Defendant's commercial establishment.

## ANALYSIS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted upon a finding that there exists "no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law."[1] In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial.[2]

Plaintiff is entitled to summary judgment as here it appears that Defendant willfully violated 47 U.S.C. § 553 and § 605 by exhibiting the De La Hoya/Chavez event on September 18, 1998, in violation of the rights of Plaintiff as the lawful possessor of the exclusive right to exhibit the event. The aforementioned "piracy statutes" prohibit the unauthorized interception of

---

[1] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

[2] See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

subscription television scrambled signals.[3] The piracy statutes provide both criminal and civil penalties to persons in violation of their provisions. Further, a private right of action, such as the one in the instant matter, exists under the piracy statutes as well.

Liability under the piracy statutes requires only that the defendant (1) has intercepted or aided the interception of scrambled television signals, and (2) divulged or published, or aided in divulging or publishing of, communication transmitted by the Plaintiff.[4] With regard to the instant matter, the piracy statutes provide for the recovery of statutory damages. The piracy statutes further provide for the recovery of costs and reasonable attorney's fees to a prevailing plaintiff.[5]

In this case, after filing a general denial, the Defendant has failed to appear at all of the settings scheduled by this Court. Defendant Fricke did not respond to the Motion for Summary Judgment, failed to be present for a telephonic conference on November 29, 2001, and failed to appear at a motion hearing on April 24, 2002. Additionally, Fricke has failed to contradict any of the evidence submitted by the Plaintiff. Therefore, the Court should find that the Plaintiff did hold the exclusive right to distribute the De La Hoya/Chavez fight on September 18, 1998, to commercial establishments in the geographical area encompassing Defendant's place of business. Additionally, the Defendant did not contract with, or otherwise obtain permission from, Plaintiff for the right to exhibit the event in her commercial establishment. In light of all the evidence before the Court, Defendant clearly violated the piracy statutes on September 18, 1998, thereby

---

[3] See ON/TV of Chicago v. Julien, 763 F.2d 839 (7th Cir. 1985).

[4] See California Satellite Systems v. Seimon, 767 F.2d 1364 (9th Cir. 1985).

[5] See International Cablevision, Inc. v. Sykes, 997 F.2d 998 (2d Cir. 1993).

3

entitling Plaintiff to summary judgment and damages. There exists no genuine issue of material fact to proceed with a trial.

**RECOMMENDATION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (Doc. #7) should be GRANTED, and Plaintiff is entitled to damages. Plaintiff should proffer to the Court authorities in support of the amount of damages to which they are entitled to in this case.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[6]

DONE at Brownsville, Texas this 29th day of April, 2002.

Felix Recio
United States Magistrate Judge

---

[6] See <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1418 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| TOP RANK, INC., § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-01-088 |
| GEORGIANNA MARIE FRICKE, § | |
| Individually, d/b/a/ LOS TRES AMIGOS § | |
| BAR and LOS TRES AMIGOS BAR, § | |
| Defendant § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation be adopted. Furthermore, Plaintiff's Motion for Summary Judgment (Doc. #7) is GRANTED. Plaintiff is ORDERED to submit to the Court evidence in support of the amount of damages they are entitled to in this case.

DONE in Brownsville, Texas on this _____ day of _____, 2002.

_____
Hilda G. Tagle
United States District Judge