UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 1 2002

Michael N. Milby
Clerk of Court

---

TOP RANK, INC., A FOREIGN
CORPORATION as Broadcast
Licensee of the SEPTEMBER 18, 1998
De La HOYA / CHAVEZ Program,

        Plaintiff,

-against-

GABRIEL MARTINEZ, Individually, d/b/a 4-ACRES
CAFÉ, a/k/a 4 ACES CAFÉ, and 4-ACRES CAFÉ,
a/k/a 4 ACES CAFÉ, et al.,

        Defendants.

---

CIVIL ACTION NO.: B-01-088

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF AN AWARD FOR DAMAGES

The within Brief in Support of an Award for Damages as against Defendant **GEORGIANNA MARIE FRICKE, Individually and d/b/a LOS TRES AMIGOS BAR, and LOS TRES AMIGOS BAR** (hereinafter referred to collectively as "Defendant"), is submitted in response to the Court's Order of June 19, 2002, granting Summary Judgment in favor of Plaintiff, **TOP RANK, INC.** (hereinafter referred to as "Plaintiff"), and ordering Plaintiff to submit evidence in support of the amount of damages to which Plaintiff is entitled.

Plaintiff requests maximum damages, with attorneys' fees and costs, pursuant to 47 U.S.C. §605 and §553, *et seq.*

Liability under the piracy statutes requires only that the defendant has (1) intercepted or aided interception of, and (2) divulged or published, or aided the divulging or publishing of, communication transmitted by Plaintiff. California Satellite Systems v. Seimon, 767 F.2d 1364, 11 Media L R 2488 (9th Cir. 1985).

The piracy statutes further provides for the recovery of costs and reasonable attorneys' fees to a prevailing plaintiff. 47 U.S.C. §605(e)(3)(B)( iii) and §553(c)(2)(C); International Cablevision, Inc. v. Sykes, 997 F.2d 998 (2d Cir. 1993).

Plaintiff respectfully submits the following authorities in support of an award for damages:

### I. APPLICABLE STATUTORY AUTHORITIES

1. Plaintiff seeks damages pursuant to 47 U. S. C. § 605(e)(3)(C)(ii), which states as follows:

> In any case which the court finds that the violation was committed wilfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $ 100,000.00 for each violation of subsection (a) of this section.

2. Subsection (a), as referred to above, prohibits the unauthorized reception (interception) and divulgence (publication/dissemination) of said broadcast.

3. Plaintiff also seeks the same award of damages as authorized by 47 U. S. C. §605(e)(3)(C)(i)(II), which provides as follows:

> the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $ 1,000.00 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in this action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $ 100,000, as the court considers just.

4. Paragraph (4), as referred to above, prohibits the "modification" of equipment used to assist in the reception of broadcasts such as the one presently before this Court.

5. In sum, Plaintiff seeks recovery from this Defendant upon the following authorities:

**FOR VIOLATION OF 47 U.S.C. § 605 (a) INTERCEPTION & PUBLICATION**

V. A statutory award increase of $100,000.00 pursuant to 47 U.S.C. §605(e)(3)(C)(ii).

    W.    Attorney's fees and full costs pursuant to 47 U. S. C. §605(e)(3)(B)(iii).

    X.    Interest thereupon.

### FOR VIOLATION OF 47 U. S. C. § 605 (e) (4) MODIFICATION

    A.    Statutory damages of $100,000.00.

    B.    Attorney's fees and full costs pursuant to 47 U. S. C. §605(e)(3)(B)(iii).

    C.    Interest thereupon.

6. It is respectfully submitted that the increased statutory damage award sought by Plaintiff is authorized pursuant to statute.

## II. APPLICABLE AUTHORITIES

7. In <u>Time Warner Cable of New York City v. Ivan Olmo</u>, 977 F. Supp. 585 (E.D.N.Y 1997), Judge Trager adopted the recommendation of Magistrate Judge Levy that he award increased statutory damages.

7. The <u>Olmo</u> decision concerns claims against Mr. Olmo for which he admitted violations of both statutes being litigated herein. Although dealing with his admitted modification of two devices, the Court increased the damage award pursuant to statute against Defendant by holding that an inference of willful conduct was drawn from Defendant's failure to appear and defend the action against him.

8. It is submitted that the willful conduct of Defendant herein is evidenced by the very fact that the event was exhibited. As submitted in Plaintiff's Summary Judgment Motion, such interceptions cannot and do not occur absent an affirmative act which causes the unlawful interception.

9. Admittedly, the <u>Olmo</u> decision is not within the Fifth Circuit and deals with an admission made by the defendant to an investigator; however, the decision is applicable to the present litigation as persuasive authority for Plaintiff's request for maximum statutory damages.

11. The same rationale has been adopted in the Third Circuit as it pertains to the similar statutory authority provided to District Courts by the Copyright Act. *See* 17 U.S.C. §504 (c)(2), which provides for similar increases of awards for violations of the Copyright Act which are found to be "willful."

12. The Court is provided with wide discretion in determining the amount of statutory damages to be awarded. Broadcast Music Inc. v. Xanthas, 855 F. 2d 233 (5th Cir. 1988).

13. In this vein, Courts have considered this factor as in a copyright infringement action to justify the awarding of enhanced damages. In BMI, Inc., v. R Bar of Manhattan, Inc., 919 F. Supp. 656 (S.D.N.Y. 1996), Magistrate Grubin, in recommending an enhanced damage award, wrote that

> an award of statutory damages totaling $ 12,000 ($ 1,500 per song) is appropriate to compensate the copyright owners herein and to provide a deterrent for defendants and other would-be infringers. That sum is approximately five times what BMI license fees would have been plus plaintiffs' investigative expenses. That multiple of license fees is at the upper range of statutory damage awards in similar cases and *is high enough to deter others from calculating that it would be cheaper to violate the copyright laws than to obtain an appropriate license agreement* (emphasis ours).

BMI at 660.

14. For the Court to award minimal statutory damages against Defendant would result in the unintended act of actually awarding those individuals who wrongfully and willfully intercept and exhibit broadcast signals. As held in a similar action brought under the Copyright Act, the Supreme Court cautioned against minimal damage awards by stating the following:

> [A] rule of liability which merely takes away profits from
> an infringement would offer little discouragement to infringers.
> It would fall short of an effective sanction for enforcement of
> the copyright policy. The statutory rule, formulated after long
> experience, not merely compels restitution of profit and
> reputation of injury but also is designed to discourage wrongful

>  conduct..........Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy.
>
>  F.W. Woolworth Co. V. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952).

15. It is respectfully submitted that such a finding can be easily determined by the Court herein in its sound discretion upon the documents provided in Plaintiff's Motion for Summary Judgment.

16. Finally, the intent of the relief sought by Plaintiff is equitable, rather than legal, in nature. Therefore, Plaintiff contends that the Court should view its requested damages in a manner which is calculated to do equity to those who so deserve.

17. In Storer Cable Communications, Inc. v. Joe's Place Bar & Restaurant, 819 F. Supp. 593 (W.D. Ky. 1993), the Court determined that the statutory damages requested under 47 U.S.C. §605 and §553 are restitutionary and, therefore, are an equitable remedy, noting that restitution refers more to the tortiousness of a defendant's conduct than to the actual loss sustained by Plaintiff.

18. The Court further noted that even if Plaintiff were able to prove its actual losses, actual damages would not fully restore Plaintiff since much of Plaintiff's goal is to "thwart Defendants' and public perceptions of the violability of property rights in closed-circuit signals." Id. at 497.

19. Additionally, the Court looked at the discretionary language contained within the Communications Act, finding that it further led the Court to determine that the statutory damages were restitutionary in nature.

### III. LITIGATION EXPENSES

20. Plaintiff's litigation expenses, as associated with the formation, pleading and filing of the above captioned matter are as outlined below:

   a. Filing Fees............................................$150.00
      A copy of the check evidencing payment is attached hereto as Exhibit "A."

   b. Service of Process............................$180.00
      A copy of the bill for Service of Process is attached hereto as Exhibit "B."
   c. Investigative Cost............................$275.00
      See Affidavit of Skip Klauber, Esq.

   Total Litigation Expenses.................................. $ 605.00 for this Defendant

## CONCLUSION

20. Based upon the foregoing arguments and authorities, Plaintiff respectfully requests that the Court award maximum statutory damages and costs, as provided by statute.

Dated: July 8, 2002
      Ellenville, New York

Respectfully submitted,

LONSTEIN LAW OFFICE, P.C.

_____
Julie Cohen Lonstein
Attorney in charge for Plaintiff
NYS Bar Roll No. 2393759
S.D.TX Admission No. 21857
1 Terrace Hill, P.O. Box 351
Ellenville, New York 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
*Our File No. C98-2TX-S07*

## CERTIFICATION OF SERVICE

This is to certify that the foregoing documents were duly served by first class mail, postage prepaid, upon the following on July 8, 2002:

Georgianna M. Fricke
P.O. Box 987
La Feria, TX 78559-0787

_____
Julie Cohen Lonstein

-6-

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

---

**TOP RANK, INC., A FOREIGN
CORPORATION** as Broadcast
Licensee of the **SEPTEMBER 18, 1998
De La HOYA / CHAVEZ** Program,

   Plaintiff,

CIVIL ACTION NO.: B-01-088

-against-

GABRIEL MARTINEZ, Individually, d/b/a 4-ACRES
CAFÉ a/k/a  4 ACES CAFÉ and 4-ACRES CAFÉ
a/k/a 4 ACES CAFÉ; *et al.*,

   Defendants.

---

### PLAINTIFF'S AFFIDAVIT

STATE OF FLORIDA   )
           ) ss.:
COUNTY OF PALM BEACH )

  SKIP KLAUBER, ESQ., being duly sworn, deposes and states the following under penalty of perjury:

1.  I am attorney in fact of Plaintiff, **TOP RANK, INC.,** and as such am fully familiar with the facts, circumstances and proceedings heretofore had herein.

2.  I make this Affidavit in support of Plaintiff's Memorandum in Support of an Award of Damages requesting maximum statutory damages and costs.

3.  Plaintiff held the rights to exhibit the De La Hoya/Chavez fight which was held on September 18, 1998. Plaintiff thereafter marketed the sub-licensing of the broadcast in the State of Texas for a fee.

-1-

4. To explain the history of Plaintiff's claim, your deponent submits that simultaneously with the advent of Pay-Per-View showing of these types of broadcast, of which our company stands at the forefront, Plaintiff began to experience a serious erosion of the sales of Pay-Per-View broadcasts to commercial establishments throughout the State of Texas. Thereafter, Plaintiff endeavored to find out what was the basis for the erosion. Much to its disappointment, Plaintiff discovered that the cause of the erosion of its customer base was the piracy of its broadcasts by unauthorized and unlicenced establishments.

5. In response, Plaintiff embarked upon a program which was designed to identify and prosecute commercial establishments which stole our broadcasts for the average fight in the State of Texas. For the De La Hoya/Chavez fight, which was held on September 18, 1998, in the State of Texas, Plaintiff has made significant expenditures in anti-piracy investigations.

6. Plaintiff engaged the services of investigative agencies which, in turn, hired independent auditors, paying a fee of $275.00 to each auditor in connection with each illegal location which was observed and identified by said auditor.

7. To insure that only illegal locations were visited by the auditors, prior to September 18, 1998, Plaintiff prepared and distributed to the investigative agencies a list of authorized and legal locations which paid the required fee to broadcast the De La Hoya/Chavez fight which was held on September 18, 1998.

8. Plaintiff has invested millions of dollars in promotion of boxing broadcasts and, with the increased frequency of signal piracy, its legal sales have been significantly eroded in recent years.

9. It is essential that I communicate to the Court that to the best of my knowledge this programing is not and cannot be mistakenly or innocently intercepted. Some methods that a signal pirate can unlawfully intercept and broadcast such program illegally are as follows without limitation:

   A. The use of a "blackbox" which is purchased for a fee and when installed on a cable TV

line will allow for the descrambled reception of a pay-per-view broadcast; or

    B. The purposeful misrepresentation of a commercial establishment as a residential property would allow the purchase of a pay-per-view broadcast between the sum of $25.00 and $50.00; or

    C. The use of a illegal cable drop or splice from an apartment or home adjacent to the commercial establishment premises who would purchase the broadcast at a residential price and divert the program to the commercial establishment; and/or

    D. The same initial actions being employed with respect to a "DSS Satellite Systems" or a "C-Band Satellite System.

These forms of satellite theft also involve the misrepresentation of a residential location, purchase of illegal unincryption devices, and/or the purchase of illegal satellite authorization codes which are readily available on the internet and in trade publications which are presently unregulated in the Nation of Canada.

10. Turning these facts to the matter before the Court I have been advised by counsel that the Court has the discretion in the awarding of damages for these nefarious and illegal activities.

11. It is respectfully submitted to this honorable Court that the unchecked activity of signal piracy not only has resulted in significant damage to Kingvision Pay-Per View, Ltd., but also has a negative effect upon lawful residential and commercial customers of cable and satellite broadcasting whose costs are necessarily increased significantly by these illegal activities.

12. Plaintiff believes that such acts of piracy have cost it significant revenue in recent years, while, at the same time, causing a reduction in Plaintiff's lawful business resulting from the perceived lack of consequence for such unlawful interception.

13. Therefore, I humbly ask this Court to grant the maximum allowance for statutory damages due to the fact that such actions are *per se* intentional and do not and cannot occur without the willful and intentional modification of electronic equipment, the business misrepresentation of a commercial establishment as a residential one or, the removal of cable traps or devices designed to prevent such

unauthorized exhibits.

14.     Based on the foregoing, your deponent respectfully requests that this Court grant Plaintiff's request for maximum statutory damages in the sum of $100,000.00, plus $10,000.00 as additionally allowed, investigative costs associated with this action at $275.00, filing fees in the amount of $150.00 and service costs in the amount of $180.00, pursuant to 47 U.S.C. §605 and §553, for a total award of damages in the sum of $110,605.00.

Dated:  July 1, 2002

_____
/Skip Klauber

Sworn to before me on this 3 day
of ~~February~~, 2002.
    July

_____
Candace J. Blank
Notary Public

Candace Lorrin Blank
Commission # CC 876835
Expires Oct. 5, 2003
Bonded Thru

-4-



Case 1:01-cv-00088   Document 42   Filed in TXSD on 07/11/2002   Page 13 of 14

Exhibit B

# PRO-FILE LAWYER'S SERVICES CORP.

*821 FRANKLIN AVE., SUITE 304, GARDEN CITY, NY 11530*          *TELEPHONE 516-747-1330; FAX 516-747-1166*

Lonstein Law Office, P.C.  
Julie Cohen Lonstein, Esq.  
1 Terrace Hill, Box 351  
Ellenville, N.Y. 12428

Invoice # 9929513  
August 14, 2001

**Re:** TOP RANK, INC., A FOREIGN CORPORATION as Broadcast Licensee of the SEPTEMBER 18, 1998 DE LA HOYA/CHAVEZ Program   Plaintiff/Petitioner
vs  
GABRIEL MARTINEZ, ET AL   Defendant/Respondent

UNITED STATES DISTRICT COURT                Index #:B-01-088  
SOUTHERN DISTRICT OF NEW YORK              Attny's File #:C98-2TX-S11

| Quantity | Service Description | Service Fee | Amount |
|---|---|---|---|
| 7 | Service of Action or attempted service out of state | $180.00 | $1260.00 |
|   | Enclosed: Original Affidavit(s) Of Service |   |   |

-05 -98 0918DC TX 84  
-06 -85  ~~85~~  
-87  ~~87~~  
08  
09 -88  
10 -90   All SVD  
11 -91

**Terms:**                                    Total Amount Due = $1260.00  
**Remarks:**